IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-51506

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS MARIA TORRES-BORUNDA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:06-CR-129-ALL

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Having conditionally pleaded guilty to possession with intent to distribute marijuana, Jesus Maria Torres-Borunda was sentenced to 37 months' imprisonment. He maintains his consenting to the search of his vehicle was involuntary. AFFIRMED.

I.

Torres' vehicle was stopped by a Sheriff's Deputy for following too closely behind a tractor-trailer, in violation of Texas law. Torres indicated to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Deputy he did not understand English, but he responded to the request to produce a driver's license and proof of insurance. The license was from Mexico; the insurance had been issued the previous day. The vehicle had current license plates from Mexico.

The Deputy noticed no accumulation of paperwork in the vehicle and a single key on Torres' key chain. Both were indicative, according to the Deputy, of a drug trafficker. As a result, the Deputy became suspicious and wanted to search the vehicle.

Not being fluent in Spanish, the Deputy returned to his vehicle and, using his cell phone, contacted a United States Customs Agent who had previously assisted him with translation. The Deputy asked Torres, who was seated next to the Deputy in his vehicle, to speak with the Agent.

The Agent asked Torres about: the identity of the registered owner of the vehicle; where his trip originated; and his destination. Torres replied: the vehicle was registered to him; he was from Mexico; he had crossed into the United States at El Paso the previous day and spent the night there; and, he was traveling to Odessa, Texas, to purchase a water-well pump.

After the Agent conveyed Torres' responses to the Deputy, he requested the Agent's seeking consent from Torres to search his vehicle. The Agent first asked Torres whether he was transporting drugs, firearms, or large amounts of currency. Torres answered in the negative. Without informing Torres of his right to refuse consent, the Agent then asked for, and received, consent to search the vehicle.

Upon doing so, the Deputy discovered a loose rear-quarter panel on the passenger side. He lifted the panel, shined a flashlight inside, and discovered numerous bricks of marijuana (totaling approximately 300 pounds). The Deputy estimated: three to five minutes elapsed between stopping Torres vehicle and

the call to the Agent; 15 minutes, between the stop and his discovering marijuana.

Torres moved to suppress the marijuana. At a hearing on the motion, the Deputy, the Agent, and Torres testified. In a very detailed opinion, the district court ruled: although the Deputy lacked probable cause for the search, Torres voluntarily consented to it. Accordingly, the suppression motion was denied.

## II.

Torres' guilty plea was conditioned on his being able to appeal the suppression ruling. He maintains his consent was given involuntarily, asserting he was coerced into giving consent by: the Deputy's retaining his driver's license and insurance document; being placed in the patrol car; and answering the Agent's questions on the cell phone rather than face-to-face. (Torres does not contest the district court's ruling the consent was not tainted by an illegal detention.)

In considering the denial of a suppression motion, factual findings are reviewed for clear error; legal conclusions, de novo. E.g. United States v. Jacquinot, 258 F.3d 423, 427 (5th Cir. 2001). A factual finding is not clearly erroneous if it is plausible when reviewed in the light of the entire record. Id. Evidence presented at the suppression hearing must be viewed in the light most favorable to the prevailing party. Id.

"A search conducted pursuant to consent is one of the well-established exceptions to the Fourth Amendment's warrant requirement." United States v. Tompkins, 130 F.3d 117, 121 (5th Cir. 1997) (citation omitted). The Government must prove by a preponderance of the evidence that the consent was freely and voluntarily given; that it was not the result of coercion or duress. Id. "The voluntariness of consent is a question of fact to be determined from the totality of all the circumstances." United States v. Shabazz, 993 F.2d 431, 438 (5th Cir.

1993) (emphasis added) (citation and internal quotation marks omitted). In evaluating such voluntariness, six factors are considered:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive [law enforcement] procedures; (3) the extent and level of the defendant's cooperation with [law enforcement]; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

Id. (citation and internal quotation marks omitted). No one factor is dispositive. Id.

Because voluntariness vel non is a factual issue, the finding is reviewed only for clear error. Tompkins, 130 F.3d at 120. Where, as here, the district court bases a finding of consent on live testimony at a suppression hearing, the clearly-erroneous standard is even stronger, because the court had an opportunity to observe the witnesses' demeanor. Shabazz, 993 F.2d at 438 (citation omitted).

The Deputy properly obtained Torres' driver's license and insurance document and questioned him about his itinerary and destination. See United States v. Brigham, 382 F.3d 500, 507-10 (5th Cir. 2004) (en banc). The documents were retained by the Deputy while he directed Torres to the Deputy's vehicle so the Agent could question him by telephone. During that questioning, Torres sat next to the Deputy. He testified at the suppression hearing that, as a result, Torres had been detained.

A brief investigatory stop does not constitute an arrest if a reasonable person in the defendant's position would believe that he could leave once the reason for the detention has been satisfied. See United States v. Bengivenga, 845 F.2d 593, 600 (5th Cir. 1988) (en banc). An arrest occurs, however, when "under the totality of the circumstances, a reasonable person would have thought he

was not free to leave". United States v. Raborn, 872 F.2d 589, 593 (5th Cir. 1989) (citation and internal quotation marks omitted). Torres could not leave without his driver's license and insurance document. The Deputy testified that, not only was Torres being detained, he would not have been allowed to leave before his vehicle was searched. Torres' detention, therefore, was involuntary, a factor weighing against the Government.

Testimony at the suppression hearing does not show coercive methods were used to obtain consent. Indeed, the seizure of Torres' documents was permissible under the Fourth Amendment. See Brigham, 382 F.3d at 507-08. The Agent's questioning was similarly permissible, and only 15 minutes elapsed between the stop and marijuana discovery. Torres' being in the Deputy's vehicle to speak to the Agent, while perhaps relevant to the voluntariness of his confinement, appears to have been a matter of convenience, not of coercion. The lack of coercion is a factor weighing in favor of the Government.

The Deputy and Agent testified Torres was cooperative. This factor weighs in favor of the Government.

Torres was not informed of his right to refuse consent. Awareness of the right, however, is not required to establish voluntary consent. See Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973).

The Agent testified Torres appeared to be educated and understand the questions asked him. Likewise, Torres testified he was educated, reasonably intelligent, and understood the Agent was requesting consent to search the vehicle. (The presentence investigation report states Torres completed one year of preparatory school in Mexico and that he worked in Mexico as a police officer for 20 years.) His intelligence is a factor that weighs in favor of the Government.

The Deputy discovered the marijuana after noticing the loose rear-quarter panel on the passenger side. It can be inferred that Torres did not believe the Deputy would discover the hidden contraband. See, e.g., United States v. Three

Hundred Sixty-Nine Thousand Nine Hundred Eighty Dollars, 214 F. App'x 432, 434 (5th Cir. 2007) (unpublished) (finding sixth factor in favor of Government because contraband was concealed in a compartment under the rear seat). This sixth, and final, factor weighs in favor of the Government.

The district court's factual finding that Torres' consent was voluntary is plausible in the light of the entire record. Therefore, the finding was not clearly erroneous. As a result, the district court did not err in denying the suppression motion.

III.

For the foregoing reasons, the judgment is AFFIRMED.