# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2011

No. 10-50879

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MIGUEL GUEVARA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-224-1

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to his conditional guilty-plea conviction for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), Miguel Guevara challenges the denial of his motion to suppress evidence (firearms, photographs, and incriminating statements). At issue is the lawfulness of the search of Guevara's vehicle, including his standing *vel non* to challenge the search of a stolen camera found in that vehicle. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50879

I.

On 24 February 2010, police officers executed a search warrant at a store suspected of actively taking in stolen electronics. As part of the operation, officers maintained the appearance of the store's being open for business, because this provided the opportunity to gather information from any persons who entered.

Guevara approached the door of the store; and, as he entered, he was waved in by one of the officers and told, "we need to talk". There were eight to 12 officers in the store, all of whom wore police identification, but only two were in close proximity to Guevara. As they had done with all others who entered, these two officers asked Guevara for his name and date-of-birth in order to conduct a warrant check. Guevara provided this information to them and no warrants were found. On the other hand, the check revealed Guevara had been arrested for burglary.

The officers next asked for consent to search Guevara's vehicle. Guevara gave oral consent and then signed a written consent form, which stated he had been fully advised of his rights and understood he could refuse consent and withdraw it at any time.

The officers searched Guevara's vehicle and found, *inter alia*, a digital camera which was turned off. The officers turned it on and began viewing the stored photographs. The first officer examined them and saw none of Guevara. The second officer viewed the photographs and recognized some of the individuals in them. He telephoned one of the individuals and was advised her home had been burglarized and her digital camera had been stolen. It was later confirmed that the camera in Guevara's vehicle was hers.

This information, *inter alia*, led officers to find stolen firearms. Guevara was indicted for possession of one or more stolen firearms. He moved to suppress evidence (firearms, photographs, and incriminating statements) stemming from

No. 10-50879

the claimed improper search of his vehicle, including of the camera. Both officers who had obtained consent and searched the vehicle testified at the hearing on the motion.

In a detailed order, the motion was denied. *United States v. Miguel Guevara*, Order on Motion to Suppress, No. 1:10-CR-224-1 (W.D. Tex. 27 May 2010). Guevara then entered into a plea agreement, conditioned on his reserving the right to challenge the suppression-motion ruling.

## II.

Guevara contends: he was illegally detained by police; his consent was not given voluntarily; he has standing to challenge the search of the camera found in his vehicle; and the police exceeded the scope of his consent by searching the camera. Therefore, according to Guevara, the subsequently found evidence was "fruit of the poisonous tree", *e.g.*, *United States v. Martinez*, 486 F.3d 855, 864 (5th Cir. 2007), and must be suppressed.

For a suppression-motion denial, our court reviews the "factual determinations for clear error and [the] ultimate Fourth Amendment conclusions *de novo*". *E.g.*, *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003) (internal citations and quotation marks omitted). The evidence is viewed in the light most favorable to the prevailing party. *Id.*

## A.

Interactions with police can be classified in three categories: consensual encounters, *Terry* stops, and arrests. *E.g.*, *United States v. Cooper*, 43 F.3d 140, 145-46 (5th Cir. 1995). Guevara contends his encounter was not consensual but rather a seizure, requiring at least reasonable suspicion.

The district court's determination of whether a seizure occurred is a finding of fact, reviewed for clear error. *United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1098 (5th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left

No. 10-50879

with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). The district court found: "The encounter . . . was very clearly a consensual encounter". *United States v. Miguel Guevara*, Order on Motion to Suppress, No. 1:10-CR-224-1 (W.D. Tex. 27 May 2010).

Guevara contends this finding was clearly erroneous because: police waved him into the store–he claims they did so coercively–and told him "we need to talk"; the store was small and contained around a dozen identifiable police officers; Guevara was only 18-years-old; and he was questioned by two officers. Under these circumstances, Guevara contends the police have "convey[ed] a message that compliance with their request is required" and, thus, no reasonable person would "feel free to decline the officers' request". *Florida v. Bostick*, 501 U.S. 429, 435, 437 (1991). Our court examines the following non-exclusive factors for determining whether a consensual encounter occurred: "(1) the threatening presence of several police officers; (2) the display of a weapon by an officer; (3) physical touching of the person of the citizen; and (4) the use of language or tone of voice indicating that compliance with an officer's request was compelled". *United States v. Mask*, 330 F.3d 330, 337 (5th Cir. 2003).

There is no evidence weapons were brandished or officers touched Guevara. Furthermore, only two officers talked with him; most of the remaining officers were inventorying the store. Guevara was questioned the same way all other individuals who had entered the store were questioned. No evidence shows officers told him he could not leave or threatened him in any way. Under the above factors, and viewing the evidence in the light most favorable to the prevailing party, the consensual-encounter finding was not clearly erroneous.

B.

Our court considers six factors when deciding the voluntariness *vel non* of consent: (1) voluntariness of the custodial status; (2) coerciveness of the

No. 10-50879

procedures employed; (3) the degree of cooperation with police; (4) awareness of the right to refuse consent; (5) the individual's education-level and intelligence; and (6) the belief no incriminating evidence will be found. *E.g.*, *United States v. Torres-Borunda*, 269 F. App'x 431, 432-33 (5th Cir. 2008); *United States v. Shabazz*, 993 F.2d 431, 438 (5th Cir. 1993). The district court's ruling on consent to search *vel non* is a finding of fact, reviewed for clear error. *E.g., Torres-Borunda,* 269 F. App'x at 433; *Shabazz*, 993 F.2d at 438; *United States v. Botello*, 991 F.2d 189, 194 (5th Cir. 1993).

As discussed, the encounter was consensual and thus weighs in favor of voluntary consent. Concerning procedures employed, the district court found: "[T]here is no evidence any coercive police procedures were used". *United States v. Miguel Guevara*, Order on Motion to Suppress, No. 1:10-CR-224-1 (W.D. Tex. 27 May 2010). Guevara fails to offer evidence showing this finding is clearly erroneous. Regarding Guevara's cooperation, no evidence is offered rebutting the district court's finding that he "cooperated fully". *Id*. There is, also, no evidence rebutting the finding that he was "clearly aware of his right to refuse consent". *Id*. Finally, Guevara offers no evidence relating to his belief incriminating evidence would be found. *Id*. Guevara's age and education level are not enough to show the district court clearly erred in its voluntary-consent finding.

## C.

Nevertheless, the question remains whether the search of the camera found in Guevara's vehicle exceeded the scope of his consent to search that vehicle. Before reaching that question, Guevara must, of course, have standing to contest that search. The district court concluded Guevara lacked standing because he did not lawfully possess the camera. *Id*. Such a conclusion is reviewed *de novo*. *E.g.*, *Gonzalez*, 328 F.3d at 758.

The "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has

No. 10-50879

a legitimate expectation of privacy in the invaded place". *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Parks*, 684 F.2d 1078, 1082 (5th Cir. 1982). A subjective expectation of privacy is legitimate if it is "one that society is prepared to recognized as reasonable". *Rakas*, 439 U.S. at 143-44.

Our court has held there is no legitimate expectation of privacy either in a stolen vehicle, *United States v. Langford*, 838 F.2d 1351, 1353 (5th Cir. 1988), or in articles one has no right to possess, such as contraband, *United States v. Pringle*, 576 F.2d 1114, 1119 (5th Cir. 1978). Other circuits have ruled on situations more analogous to the one at hand. The First Circuit held no legitimate expectation of privacy existed in the film of a camera defendant did not own. *United States v. Hilton*, 619 F.2d 127, 133 (1st Cir. 1980) (no expectation of privacy if no possessory or proprietary interest in film). More recently, the Sixth Circuit held defendant lacked standing to challenge the search of a camera and its film found in a vehicle he had stolen. *United States v. Stamper*, 91 F. App'x 445, 455-56 (6th Cir. 2004) (society would not recognize such an expectation of privacy as legitimate).

Guevara's attempts to distinguish these cases are unavailing: that the search occurred hundreds of miles from the border and that he exercised dominion over the camera does not alter the analysis regarding any privacy expectation. Any expectation of privacy in the camera and its stored photographs–all of other people and none taken by him–would not be recognized by society as reasonable.

Accordingly, Guevara lacks standing to challenge the camera's being searched. Therefore, the scope of his consent for the search of the camera is not in issue.

### III.

For the foregoing reasons, the judgment is AFFIRMED.