**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-60009
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ORLANDO QUINTANA ROJANO; JUAN CARRASCO-SANCHEZ,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 5:11-CR-1-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Orlando Quintana Rojano (Quintana) and Juan Carrasco-Sanchez (Carrasco) appeal from their convictions of possession of 15 or more counterfeit access devices. Quintana argues that the district court erred by denying the defendants' motion to suppress fraudulent credit cards found in their rented van because (1) although Vicksburg Police Department Officer Leonce Young was justified in stopping the van for speeding, he lacked reasonable suspicion to extend the stop beyond the time necessary to write Carrasco a speeding ticket

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (2) the defendants' consent to search the van was not voluntary. Carrasco argues that the district court erred by admitting pursuant to Federal Rule of Evidence 404(b) evidence of (1) an additional fraudulent credit card in Carrasco's name that was also found in the van but which did not form the basis of any charge and (2) Carrasco's 2010 conviction for fraudulent use of a credit card.

When reviewing the denial of a motion to suppress evidence, this court reviews factual findings, including whether a consent to search was voluntary, for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified*, 622 F.3d 383 (5th Cir. 2010); *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). "Factual findings are clearly erroneous only if a review of the record leaves this [c]ourt with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks and citation omitted).

The district court did not err in holding that Officer Young did not impermissibly extend the stop in light of (1) the reasonable suspicion raised by the significant discrepancies between (a) the vehicle described in the rental contract and the defendants' van and (b) the defendants' statements regarding how long they had known one another, (2) the brevity of the detention, which lasted only between five and seven minutes before the defendants consented to the search, and (3) the reasonable scope of Young's additional investigatory questions. *See Pack*, 612 F.3d at 358.

This court has recognized six factors relevant to determining voluntariness, none of which alone is dispositive:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*United States v. Shabazz*, 993 F.2d 431, 438 (5th Cir. 1993) (internal quotation marks and citations omitted). Despite that Young retained Carrasco and Quintana's driver's licenses and the rental agreement, and despite that Young did not affirmatively inform them of their right to refuse consent, we conclude that the district court did not clearly err in finding that the defendants voluntarily consented to the search; the evidence, including Young's testimony and the video recording of the stop, adequately supports the district court's conclusions that Young did not engage in coercive tactics and that the defendants cooperated, exhibited sufficient understanding, and believed that no contraband would be found. *See id.* at 438-39; *United States v. Torres-Borunda*, 269 F. App'x 431, 433-34 (5th Cir. 2008).

The district court did not abuse its discretion by admitting the challenged credit card evidence under Rule 404(b) because Carrasco placed his intent at issue by pleading not guilty. *See United States v. McCall*, 553 F.3d 821, 827-28 (5th Cir. 2008). As for the admission of the 2010 conviction, "[w]e consistently have held that evidence of a defendant's prior conviction for a similar crime is more probative than prejudicial," particularly when, as here, the district court gave a proper limiting instruction. *United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000).

AFFIRMED.