# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2012

Lyle W. Cayce
Clerk

No. 11-60733
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VERA JESEUS MATEO OLIVARRIA, also known as Gonzalo Villela,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:10-CR-100-1

Before REAVLEY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Vera Jeseus Mateo Olivarria appeals his conditional guilty plea conviction for possession with intent to distribute in excess of 50 grams of a mixture and substance containing a detectable amount of methamphetamine, for which he was sentenced to 87 months in prison. Olivarria argues that the district court erred in failing to suppress the methamphetamine derived from the warrantless search of his vehicle. Specifically, he avers that the district court erred in concluding that (1) the officers had reasonable suspicion to effect the traffic stop,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) sufficient evidence existed to support his continued detention, and (3) he consented to the search of his vehicle.

The evidence adduced at the suppression hearing showed that Mississippi Bureau of Narcotics (MBN) agents received information from a confidential informant (CI) that Olivarria was selling quantities of methamphetamine. The CI told agents that he bought methamphetamine from Olivarria on several occasions, and he provided them with directions to a house on Bankhead Street in New Albany, Mississippi, where one transaction occurred. The CI also stated that Olivarria drove a red or maroon four-door sedan.

The CI, at the instruction of the agents, called Olivarria and arranged a meeting for the purpose of purchasing methamphetamine. On the day of the meeting, agents set up surveillance at the Bankhead house. Parked in the driveway was the red four-door sedan and a Ford Expedition. Agents subsequently observed Olivarria and another Hispanic male get into the Expedition and leave in the direction of the meeting site.

After seeing that the driver of the Expedition was not wearing a seat belt, agents effected a traffic stop. Olivarria thereafter provided agents with a false name and identification card. A review of the call history on Olivarria's cell phone revealed telephone calls from the CI. After advising Olivarria that the person with whom he had been talking was cooperating with the MBN, Olivarria's demeanor changed, and he almost fainted. Olivarria was subsequently transported back to the Bankhead house. There, the agents conducted a search of the red vehicle and discovered methamphetamine.

We review factual findings made by a district court on a motion to suppress for clear error and the district court's ultimate conclusions on Fourth Amendment issues de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir.), *cert. denied*, 131 S. Ct. 620 (2010). We review the evidence in the light most favorable to the prevailing party – in this case, the Government. *See id.* The clear error

standard is particularly strong if denial of a suppression motion is based on in-court testimony, because the judge had the opportunity to observe witness demeanor. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

A police stop of a vehicle and the detention of its occupants constitutes a seizure under the Fourth Amendment. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). The constitutionality of such detentions, whether they are justified by probable cause or reasonable suspicion of a violation, is ordinarily analyzed according to the standard set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). *Id.* First, we examine "whether the officer's action was justified at its inception, and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." *Id.* (citing *Terry*, 392 U.S. at 19-20).

In light of the testimony presented at the suppression hearing, the district court did not clearly err in finding that the driver of the car in which Olivarria was a passenger was not wearing his seat belt, in violation of Mississippi law. The observed seat belt violation alone was reason enough to justify the stop of the vehicle. *See Whren v. United States*, 517 U.S. 806, 817 (1996). We also conclude that the district court did not err in finding that additional reasonable suspicion arose in the course of the initial stop to justify Olivarria's continued detention, namely, that Olivarria provided a false name and identification card to law enforcement, the confirmation that the CI calls arranging the drug buy had been placed to Olivarria's cell phone, and Olivarria's rapid change in demeanor after learning that the CI was working with law enforcement. *See United States v. Banuelos-Romero*, 597 F.3d 763, 767 (5th Cir. 2010); *United States v. Crain*, 33 F.3d 480, 485 (5th Cir. 1994). Lastly, the district court did not err in concluding that Olivarria voluntarily consented to the search of his vehicle. *See United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). The judgment of the district court is affirmed.

AFFIRMED.