# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11180

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2018

Lyle W. Cayce
Clerk

JOSEPH WAYNE HUNTER,

Plaintiff-Appellant

v.

OFFICER M. JAMES; DALLAS COUNTY SHERIFF DEPARTMENT,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1817

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Joseph Wayne Hunter, Texas prisoner # 1981619, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's grant of summary judgment dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. §§ 1915A, 1915(e)(2)(B), in which he alleged that his constitutional rights were violated after a traffic stop by an off-duty officer. The district court denied Hunter's IFP motion and certified that the appeal was not taken in good

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faith.   By moving for IFP status, Hunter is challenging the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Hunter has not challenged the district court's dismissal of his claims against the Dallas police officers who arrested him or the State of Texas. Further, although he states that the district court abused its discretion with respect to his claim against the Dallas County Sheriff's Office for "over detention," he offers no argument.   These issues are therefore abandoned. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Hunter's argument that the district court erred in granting summary judgment for Officer James based on his qualified immunity is unavailing. Hunter had the burden of rebutting James's defense by establishing a genuine issue as to whether James's alleged wrongful conduct violated clearly established law.  *See Hanks v. Rogers*, 853 F.3d 738, 743 (5th Cir. 2017). James's uncontradicted summary judgment evidence shows that James's role was limited to a traffic stop, James reasonably suspected that Hunter was operating his vehicle illegally, and the traffic stop was justified.  *See United States v. Pack*, 612 F.3d 341, 349-50 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010).   Thus, James was entitled to summary judgment in his favor based on his qualified immunity.   *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Hanks*, 853 F.3d at 744.

Hunter's argument that the district court erred when it dismissed his claim against District Attorney Craig Watkins for failure to state a claim is also unavailing.  Watkins is absolutely immune from § 1983 immunity with respect to Hunter's speedy trial claim.  *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).  Further, Hunter's vague and conclusory allegation that Watkins failed to train prosecutors

properly does not suffice to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).

Last, Hunter's claim that the district court abused its discretion when it denied his motions for the appointment of counsel is without merit given that he failed to show that his case was factually complex or that he was incapable of adequately presenting it. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Hunter has failed to show that his appeal involves any arguably meritorious issue and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Hunter is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.