# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2021

Lyle W. Cayce
Clerk

No. 20-50178
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GILBERT GARZA, JR., *also known as* GILBERT GARZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-166-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Gilbert Garza, Jr., was convicted of possession of 50 grams or more of actual methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He appeals,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50178

challenging the district court's denial of his motion to suppress the evidence discovered after a vehicle stop based on a traffic violation and a warrantless vehicle search. Garza argues that the officer who stopped him unlawfully extended the vehicle stop and detention without justification. Further, he argues that the drug-sniffing dog search, body search, and warrantless vehicle search were unlawful because the officers did not obtain additional reasonable suspicion of drug trafficking during the vehicle stop. Viewing the evidence in the light most favorable to the prevailing party, we review factual findings for clear error and the legality of police conduct de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010).

Garza does not contest that the vehicle stop was justified at its inception, but he argues that "the search or seizure was [not] reasonably related in scope to the circumstances that justified the stop in the first place," i.e., the traffic violation. *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003); *see Terry v. Ohio*, 392 U.S. 1 (1968). In this case, several detectives set up a controlled drug buy using a cooperating source and observed Garza's vehicle arriving at and leaving the location. Shortly after, one of the detectives received confirmation that the source had purchased heroin from Garza. The detectives instructed a police officer, who was aware of and involved in the drug trafficking investigation, to stop Garza for a traffic violation. Thus, pursuant to the collective knowledge doctrine, the officer had probable cause to continue to detain Garza for drug trafficking. *See United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013); *United States v. Ibarra*, 493 F.3d 526, 530-31 (5th Cir. 2007).

As to the vehicle search, the "automobile exception" to the Fourth Amendment allows police with probable cause to believe a vehicle holds contraband to search the vehicle without a warrant. *See United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006). Moreover, "[i]f probable cause

justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *California v. Acevedo*, 500 U.S. 565, 570 (1991) (internal quotation marks and citation omitted; brackets in original). Given the officer's knowledge of the controlled buy with the cooperating source, as well as the discovery of methamphetamine paraphernalia on Garza's person during a consensual search, the officer had probable cause to search the vehicle pursuant to the automobile exception. *See Fields*, 456 F.3d at 523.

Because the district court did not err by denying the motion to suppress, the judgment of the district court is AFFIRMED.