# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2021

Lyle W. Cayce
Clerk

No. 20-50492
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER LEON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-435-2

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Christopher Leon entered a conditional guilty plea to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, reserving the right to appeal the denial of his motion to suppress evidence obtained as a result of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the warrantless search of his vehicle.  The district court sentenced Leon below the guidelines range to 125 months of imprisonment and imposed a five-year term of supervised release.

On appeal, Leon challenges the denial of his motion to suppress.  He argues that, contrary to the district court's determination, the automobile exception did not apply and his statement to law enforcement agents should have been excluded under the "fruit of the poisonous tree" doctrine.

We review the district court's factual findings for clear error and the legality of police conduct de novo, viewing the evidence in the light most favorable to the prevailing party. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). "Warrantless searches and seizures are per se unreasonable unless they fall within a few narrowly defined exceptions." *United States v. Kelly*, 302 F.3d 291, 293 (5th Cir. 2002) (internal quotation marks and citation omitted). "Under the automobile exception, police may stop and search a vehicle without obtaining a warrant if they have probable cause to believe it contains contraband." *United States v. Beene*, 818 F.3d 157, 164 (5th Cir. 2016); *see United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006).

Leon does not challenge the district court's factual findings underlying its determination that the officers, through their collective knowledge, had probable cause to believe that the vehicle contained contraband.  He has therefore waived any challenge to those factual findings. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986); Fed. R. App. P. 28(a)(8)(A).

While the automobile exception "is justified by the mobility of vehicles and occupants' reduced expectations of privacy while traveling on public roads," *Beene*, 818 F.3d at 164 (citing *California v. Carney*, 471 U.S. 386, 392-93 (1985)), the exception applies not only to a vehicle when it "is

being used on the highways" but also to vehicles that are "readily capable of such and [are] found stationary in a place not regularly used for residential purposes," *Carney*, 471 U.S. at 392. The fact that Leon had just parked his vehicle does not weigh against application of the exception. *See Fields*, 456 F.3d at 523-24. Moreover, Leon does not dispute that he parked his vehicle on the street in front of his mother's residence and not within the curtilage of that residence. Thus, although both probable cause and exigent circumstances are required to justify the search of a vehicle that is parked within a home's curtilage, *see Beene*, 818 F.3d at 164, such is not the case here.

We find no error with the district court's determination that the officers had probable cause, vested through the collective knowledge of the officers involved in the investigative operation, to believe that Leon's vehicle contained contraband such that the warrantless search of Leon's vehicle did not run afoul of the Fourth Amendment. *See United States v. Guzman*, 739 F.3d 241, 246 (5th Cir. 2014); *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013); *Fields*, 456 F.3d at 523-24. Accordingly, we need not address Leon's argument that his statement should have been suppressed under the "fruit of the poisonous tree" doctrine, as it was not the product of illegal search. *See United States v. Cotton*, 722 F.3d 271, 278 (5th Cir. 2013). Finally, while Leon notes that the admissibility of his statement also hinges on whether the statement was voluntary, he provides no legal analysis of that issue. Nevertheless, as he acknowledges, he was advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), before he made any statement to the agents; we therefore find no error with the district court's determination that the statement was voluntary. *See United States v. Melancon*, 662 F.3d 708, 711 (5th Cir. 2011).

The district court's judgment is AFFIRMED.