# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2010

Lyle W. Cayce
Clerk

No. 08-41063

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN ANDREW PACK II,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before GARWOOD, DAVIS, and DENNIS, Circuit Judges.

GARWOOD, Circuit Judge:

Treating the petition for rehearing en banc as a petition for panel rehearing, the panel, on further consideration, hereby modifies its prior opinion, United States v. Pack, 612 F.3d 341 (5th Cir. 2010), in the following respects. The panel now concludes that United States v. Dortch, 199 F.3d 193 (5th Cir. 1999), did not hold that the reasonable suspicion requirement of a Terry stop meant that there must be particularized suspicion of a particular, specific crime, as distinguished from a particular and objective basis for suspecting the detained person or persons of some criminal activity. See, e.g., United States v. Arvizu, 122 S.Ct. 744, 750 (2002) ("The Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal

activity may be afoot . . ."); Brown v. Texas, 99 S.Ct. 2637, 2641 (1979) (. . . officers must "have a reasonable suspicion, based on objective facts, that the individual [detained] is involved in criminal activity"); United States v. Cortez, 101 S.Ct. 690, 695 (1981). Moreover, our en banc decision in United States v. Brigham, 382 F.3d 500 (5th Cir. 2004), did not overrule or abrogate Dortch. Dortch held that reasonable suspicion of one particular offense which admittedly was subsequently wholly dispelled, did not constitute reasonable suspicion of a distinctly different offense. The facts here are different from those in Dortch, and the present situation is consistent with that in Brigham. In Brigham, when facts came to light indicating that information furnished by the driver, which the officers had a right to inquire into, was materially false, the officers then had a right to extend their detention to further investigate. Here, since the information furnished by the driver was later, on questioning of the passenger, completely contradicted, we hold that the result of the panel here follows the approach set out in Brigham, and is distinguishable from Dortch. However, we withdraw the language in the panel opinion stating that Dortch was abrogated by Brigham. Except as above noted, the panel opinion is otherwise unmodified. Therefore, the petition for panel rehearing is DENIED. Judge Dennis dissents from the denial of panel rehearing.