# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

Lyle W. Cayce
Clerk

No. 11-20611
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-228-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Javier Gutierrez pleaded guilty to one charge of being a felon in possession of a firearm and was sentenced to serve 87 months in prison and a three-year term of supervised release. In this appeal, he challenges the district court's denial of his motion to suppress evidence. Because "the district court entered no factual findings and indicated no legal theory underlying its decision [not to suppress] the evidence obtained in the . . . search, we must independently review the record to determine whether any reasonable view of the evidence supports

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admissibility." *See United States v. Yeagin*, 927 F.2d 798, 800 (5th Cir. 1991). We conduct a *de novo* review of the ultimate issue whether the Fourth Amendment was violated. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir.), *cert. denied*, 131 S. Ct. 620 (2010).

First, we consider Gutierrez's claim that the protective sweep of the home was invalid because the officers: (1) were not in the home for a legitimate law enforcement purpose, and (2) possessed no reasonable, articulable suspicion that the house or its occupants posed a danger to the officers. *See United States v. Mendez*, 431 F.3d 420, 428 (5th Cir. 2005). We disagree. "The protective sweep doctrine allows government agents, without warrant, to conduct a quick and limited search of the premises for the safety of the agents and others present at the scene." *Id.* Prior to the sweep, the officers obtained information that a member of a dangerous drug cartel, which was involved in the murder of an Immigration Customs and Enforcement ("ICE") agent, either resided in or frequented the home. Officers also received information that the home was a suspected gang and drug affiliated house, and that the home had been searched for drugs and money on a prior occasion. Officers testified that they conducted the protective sweep to determine whether the suspected associate was inside the home. Before conducting the sweep, Gutierrez's mother told the officers through the fenced porch that the associate was not inside the home, but that he used to live there, and that the associate was her brother. Based on these facts, we agree with the district court's conclusion that the officers were in the home for a legitimate law enforcement purpose, and, given the violent nature of the drug cartel, that the officers possessed a reasonable, articulable suspicion that the house posed a danger to them.

Moreover, Gutierrez's mother—the homeowner—voluntarily consented to the protective sweep of the home. Gutierrez does not challenge the validity of his mother's consent on appeal. Gutierrez's mother cordially and voluntarily

agreed to let the officers inside her home so that they could ask her questions outside the presence of her neighbors. Immediately after entering the home, Gutierrez agreed to let officers conduct a protective sweep for safety purposes. The Supreme Court has affirmed use of the "knock and talk" method to obtain consent to search a home without a warrant under these circumstances. *Kentucky v. King*, 131 S.Ct. 1849, 1960 (2011) (affirming that "[a] consensual search also may result in considerably less inconvenience and embarrassment to the occupants than applying for a warrant") (internal quotations and citations omitted). Therefore, the officers' protective sweep of the home was valid. *See United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010) ("When police enter a home based on consent or another lawful basis, and possess a reasonable, articulable suspicion that the area to be swept harbors an individual posing a danger to those on the scene, they may conduct a protective sweep of the premises." (internal quotations and citations omitted)).

Next, we turn to Gutierrez's claim that his consent to the protective sweep of his locked bedroom was involuntary. Gutierrez concedes that he unlocked his bedroom door at the request of the officers after initially encountering them outside his bedroom during the protective sweep of the home. Gutierrez asserts, however, that his consent to the sweep of his bedroom was involuntary because he was shirtless and wearing boxer shorts when he encountered the officers, who were wearing raid gear and had weapons drawn, but were not pointed at him.

Voluntariness of consent is a question of fact that is reviewed for clear error. *United States v. Cooper*, 43 F.3d 140, 144 (5th Cir. 1995). In determining whether a defendant has voluntarily consented to a search, we look to the totality of the circumstances surrounding the search. *Id.* Six factors are relevant to determine voluntariness: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and

intelligence; and (6) the defendant's belief that no incriminating evidence will be found. *Id.* No one of these factors is dispositive or controlling. *Id.*

In this case, the balance of the relevant factors supports the district court's determination that Gutierrez voluntarily consented to the sweep of his bedroom. First, the record shows that Gutierrez was walking around the home freely when he encountered the officers, and that he was neither restrained nor handcuffed when the officers requested to sweep his bedroom. Second, there is no evidence that officers used coercive tactics. Third, Gutierrez cooperated with the officers' request to conduct the sweep in his bedroom by retrieving the keys and unlocking the door for them. Fourth, Gutierrez refused to consent to a more thorough search of the bedroom after the officers conducted the sweep, which indicated his awareness of his right to refuse consent. Fifth, there is no evidence that Gutierrez lacked intelligence or education to understand the officers' actions. Finally, Gutierrez concedes that the officers would have found a shotgun hanging over his bed in plain view during the sweep. Therefore, we conclude that the district court's conclusion that Gutierrez consented to the search was not clearly erroneous.[1]

AFFIRMED.

---

[1] Gutierrez also claims that the protective sweep of his mother's home was invalid because it was conducted pursuant to an agency policy that officers automatically conduct protective sweeps when entering a home. We need not address this issue because, as explained above, the validity of the protective sweep of the home in this case can be affirmed on consent grounds.