# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2013

Lyle W. Cayce
Clerk

No. 12-10155
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOBIN KYLE COOPER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-117-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tobin Kyle Cooper pleaded guilty to one count of possession with intent to distribute methamphetamine, and the district court sentenced him to 240 months of imprisonment. In his plea agreement, Cooper reserved the right to challenge the district court's denial of his motion to suppress evidence seized in a traffic stop. In this appeal, he argues that the traffic stop that led to his arrest was so lengthy that it violated his Fourth Amendment rights and that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court thus erred in denying his motion to suppress.  *See* U.S. Const. amend. IV.

When considering the propriety of a traffic stop, we use the bipartite reasonable suspicion test given in *Terry v. Ohio*, 392 U.S. 1 (1968), which asks "whether the officer's action was justified at its inception" and "whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place." *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003).  We review a district court's factual findings on a motion to suppress for clear error and its legal conclusions de novo.  *United States v. Zavala*, 541 F.3d 562, 573-74 (5th Cir. 2008).

Cooper does not argue that the traffic stop was not justified at its inception, but rather that the scope of the detention was not circumscribed by the exigencies that originally justified it.  At the suppression hearing, the police officer who made the traffic stop articulated several specific reasons for the stop, which were based on his investigative experience and Cooper's behavior.  *See United States v. Shabazz*, 993 F.2d 431, 434 (5th Cir. 1993).  Following a computer check of Cooper's license plate number, the existence of a warrant and the expired registration (an arrestable offense in itself) directly informed the officer's decision to stop the vehicle.  Once the officer stopped Cooper for these reasons, the detention remained constitutional only as long as was necessary to effectuate the purposes of the stop.  *See United States v. Lopez-Moreno*, 420 F.3d 420, 431 (5th Cir. 2005).  As one of the purposes of the stop was to determine whether Cooper was the individual to whom the warrant applied – which the officer determined approximately two minutes into the stop – and then confirm that the warrant was valid, the officer properly detained Cooper while he made efforts to make those determinations.  *See id.*  The record indicates that the officer diligently worked to obtain confirmation on the warrant, even attempting to hasten the process by calling his supervisor for assistance.  *See United States v. Sharpe*, 470 U.S. 675, 686 (1985).  Moreover, as the officer investigated the

other issues that gave rise to the traffic stop, Cooper's actions, his nervousness, his conflicting answers, and the suspicious tools in the car provided a further "particular and objective basis for suspecting" that Cooper was engaged in a criminal activity. *United States v. Pack*, 622 F.3d 383, 383 (5th Cir. 2010); *see United States v. Jones*, 234 F.3d 234, 241 (5th Cir. 2000) (In determining whether reasonable suspicion existed to justify a continued detention, this court looks "at the totality of the circumstances and consider[s] the collective knowledge and experience of the officers involved."). Again, the record indicates that Parsons promptly and diligently sought the K-9 officer for a drug sniff. *See Sharpe*, 470 U.S. at 686.

Unlike in *United States v. Santiago*, 310 F.3d 336 (5th Cir. 2002), upon which Cooper relies, the officer did not detain Cooper after receiving a negative result on the computer search of Cooper's vehicle and license. Rather, the officer detained Cooper while awaiting confirmation on an existing warrant, while processing the citation for the expired registration, and while investigating his other reasonable suspicions. Similarly unhelpful to Cooper's argument is *United States v. Place*, 462 U.S. 696 (1983), upon which Cooper also relies. There, Drug Enforcement Administration agents detained an air traveler's luggage for 90 minutes while transporting it to a second airport for a dog drug sniff, even though the agents had hours to prepare their investigation ahead of the traveler's landing at LaGuardia airport. In the instant matter, the officer detained Cooper for less than half of that time, knowing that a warrant existed for Cooper's arrest and that Cooper's registration was expired, while diligently pursuing the means to confirm or dispel all of his suspicions. *See Sharpe*, 470 U.S. at 686. Cooper has shown no error in the district court's denial of the motion to suppress.

AFFIRMED.