# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 9, 2013

Lyle W. Cayce
Clerk

No. 12-50771
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY HAYES, JR., also known as Billy E. Hayes, Jr.

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-88-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Billy Hayes, Jr., entered a guilty plea to a charge of possession of more than 28 grams of cocaine base with intent to distribute. He reserved the right to appeal the denial of his motion to suppress evidence found during a traffic stop and search of a car that he was driving. According to Hayes, his detention was unreasonably prolonged in violation of the Fourth Amendment because the officer lacked specific and articulable facts suggesting suspected wrongdoing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review factual findings made on a motion to suppress for clear error and the ultimate conclusions on Fourth Amendment issues de novo. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010); *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). For Fourth Amendment purposes, a vehicle is seized when it is stopped and its occupants are detained. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). We examine the constitutionality of an investigatory traffic stop to determine, first, whether the initial official action was justified, and second, whether the subsequent action was reasonably related in scope to the circumstances that justified the stop or to dispelling a reasonable suspicion that developed during the stop. *Id.* at 506-07. The "traffic detention may last as long as is reasonably necessary to effectuate the purpose of the stop, including the resolution of reasonable suspicion" that emerges during the stop. *Id.* at 512.

Hayes does not challenge the propriety of the initial stop for his failure to stop at a crosswalk and at a designated point near a stop sign. *See* TEX. TRANS. CODE §§ 541.302(2)(b), 544.010(a),(c); *United States v. Khanalizadeh*, 493 F.3d 479, 482 (5th Cir. 2007). The officer who stopped Hayes lawfully asked him at the outset about his itinerary, requested that he produce his driver's license and proof of insurance, and conducted computer checks to determine whether he had any outstanding warrants. *See Brigham*, 382 F.3d at 508, 511.

By the time that the computer checks returned, the officer who conducted the stop had reasonable suspicion of additional criminal activity beyond the traffic violation. *See United States v. Lopez-Moreno*, 420 F.3d 420, 431 (5th Cir. 2005). The officer (1) knew that, during questioning about his itinerary, Hayes provided an answer about his previous whereabouts that was inconsistent with the officer's observations; (2) saw Hayes earlier that night at an apartment that other officers reported on multiple instances – including on the evening of the traffic stop – to be a location where drug trafficking occurred; and (3) observed Hayes engage in suspicious conduct at the apartment that, in light of the

officer's experience and training, caused the officer to believe that the apartment and Hayes's vehicle were associated with illegal drug activities. Given the totality of these facts, the officer was justified in continuing the detention for a reasonable time while attempting to confirm or dispel his reasonable suspicion that Hayes was involved in drug trafficking. *See id.*

The officer lawfully asked Hayes to exit the car for a pat-down search for weapons. *See Arizona v. Johnson*, 555 U.S. 323, 332 (2009). During the pat-down search, the officer discovered two bulges in the pockets of Hayes's pants – which Hayes asserted were wads of cash of a specific value – and detected a strong odor of alcohol coming from Hayes. The officer obtained consent to search Hayes's person and found much more cash than Hayes reported. This discovery further raised the officer's level of suspicion and provided additional reasonable suspicion that criminal activity "was afoot." *Pack*, 612 F.3d at 359-61.

At this point, the officer validly extended the detention by obtaining consent to search Hayes's vehicle. *See United States v. Shabazz*, 993 F.2d 431, 437-38 (5th Cir. 1993). The resulting search, which began roughly five minutes after the initial stop, revealed a bag containing 148.2 grams of crack cocaine on the floor of the car in plain view. Hayes consequently was arrested.

The record supports that Hayes's continued detention was necessary to resolve the additional reasonable suspicion that developed during the course of the traffic stop and that the officer's suspicions were supported by articulable facts. *See Brigham*, 382 F.3d at 510. The record also shows that the detention lasted only as long as necessary to confirm the further suspicions that emerged during the stop. *Id.* at 512. Accordingly, Hayes has not shown that the district court erred in denying his motion to suppress.

AFFIRMED.