# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30600

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE R. SEGOVIA-AYALA,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-167

Before HIGGINBOTHAM, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Louisiana state police stopped Jose Segovia-Ayala's van for a traffic violation. A search of the van revealed several pounds of heroin. Segovia-Ayala was arrested and indicted for possession with intent to distribute. He moved to suppress the evidence from the search and from his responses to questions after he was arrested. The district court denied the motion. Segovia-Ayala conditionally pled guilty, and now appeals the denial of the motion to suppress

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on two grounds. We review the district court's factual findings for clear error and its conclusions of law *de novo*, construing the evidence in the light most favorable to the party that prevailed below.[1]

Segovia-Ayala first claims that the search of his van was unlawful. Although the search was warrantless, Segovia-Ayala consented to it.[2] He now contends his consent was invalid because it came only amidst "the prolonged detention of the road side stop," which he asserts was a "constitutional violation." Segovia-Ayala appears to argue both (1) that because the detention was unconstitutional, his subsequent consent to search and the evidence that resulted were fruit of the poisonous tree;[3] and (2) that the prolonged detention amounted to coercion, rendering his consent involuntary.[4] Having heard the helpful arguments of counsel and reviewed the relevant record, we find no merit in either theory. The district court correctly found that reasonable suspicion of criminal activity justified extending the stop of Segovia-Ayala's vehicle,[5] and it did not clearly err in determining that his consent was voluntary and valid.

---

[1] *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010); *see Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 213 (5th Cir. 2006) ("The clear error standard precludes reversal of a district court's findings unless we are 'left with the definite and firm conviction that a mistake has been committed.'" (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985))).

[2] *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (a search pursuant to consent does not require a warrant).

[3] *See United States v. Rivas*, 157 F.3d 364, 368 (5th Cir. 1998) ("Under the 'fruit of the poisonous tree' doctrine, all evidence derived from the exploitation of an illegal search or seizure must be suppressed, unless the Government shows that there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the Fourth Amendment violation.").

[4] *See United States v. Blevins*, 755 F.3d 312, 326 (5th Cir. 2014) (consent to a warrantless search must be voluntary).

[5] *See United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004) (en banc) ("[A] detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop, unless further reasonable suspicion, supported by articulable facts, emerges.").

No. 15-30600

Second, Segovia-Ayala claims that his post-arrest statements should have been suppressed because he did not understand his *Miranda* rights.[6] A state trooper recited Segovia-Ayala's *Miranda* rights to him in English. Although he speaks some English, Segovia-Ayala's first language is Spanish, and he argues he did not understand the recital.[7] Again, having carefully examined the record before the district court, we do not find clear error in that court's determination that Segovia-Ayala understood the *Miranda* warning given to him.

AFFIRMED.

---

[6] *See Miranda v. Arizona*, 384 U.S. 436, 475-76 (1966).

[7] *See Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010) ("If the State establishes that a *Miranda* warning was given and the accused made an uncoerced statement, this showing, standing alone, is insufficient to demonstrate 'a valid waiver' of Miranda rights. The prosecution must make the additional showing that the accused understood these rights." (citation omitted) (quoting *Miranda*, 384 U.S. at 475)).