# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2020

Lyle W. Cayce
Clerk

No. 19-50943
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES KEYON ROMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-86-1

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Andres Keyon Roman was convicted of possessing with the intent to distribute more than five grams of methamphetamine and was sentenced to 140 months. On appeal, he challenges the district court's denial of his motion to suppress, renewing his argument that officers lacked reasonable suspicion to justify the initial stop of his vehicle. He does not brief any challenge to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

validity of the subsequent search and has therefore abandoned any such argument. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

We review the district court's factual findings in connection with the denial of a motion to suppress for clear error and its conclusions of law de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified on other grounds denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). We "view the evidence in the light most favorable to the party that prevailed below" and "may affirm the district court's decision on any basis established by the record." *Pack*, 612 F.3d at 347.

Viewing the evidence in the light most favorable to the Government, the district court did not err in denying the motion to suppress. Sgt. Sanchez's testimony established that he and other officers were aware of Roman's suspected drug trafficking based on the information supplied by the confidential informant (CI), arranged a controlled purchase, surveilled the location where the purchase was to take place, observed Roman engage in the drug transaction with the CI in open view at the appointed time and place, and maintained surveillance of the dark-colored Dodge pickup truck Roman was driving until it was stopped approximately five minutes later. *See United States v. Macias*, 658 F.3d 509, 519-20 (5th Cir. 2011). Alternatively, as officers were aware that Roman was wanted on an outstanding federal arrest warrant, and additionally had probable cause to arrest him based on observing the controlled purchase, they were permitted to stop the truck to arrest Roman based on their knowledge that he was driving it.

Inasmuch as Roman challenges the validity of the stop on the ground that Sgt. Sanchez did not personally observe the underlying drug transaction, the argument is unavailing. The officers' collective knowledge provided Sgt. Sanchez with sufficient reasonable suspicion to justify the stop. *See United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013) ("[R]easonable suspicion can

vest through the collective knowledge of the officers involved in the search and seizure operation . . . so long as there is "some degree of communication" between the acting officer and the officer who has knowledge of the necessary facts."). Equally unavailing is Roman's assertion that Sgt. Sanchez did not have the requisite reasonable suspicion because he testified at the suppression hearing that the truck Roman was driving was black when his prior affidavit described it as grey. Sgt. Sanchez explained that the drug transaction took place at night and that Roman's vehicle could fairly be described as either black or dark grey at night. The district court implicitly found no significant conflict between Sgt. Sanchez's testimony and the prior affidavit, and Roman fails to show that this finding was clearly erroneous. *See Pack*, 612 F.3d at 347. Further, Sgt. Sanchez's description of the truck as dark grey or black does not vitiate his reasonable suspicion for the stop, particularly because, as the district court found, officers maintained constant surveillance of his dark-colored vehicle from the time of the controlled purchase until it was stopped. *See Macias*, 658 F.3d at 519-20.

AFFIRMED.