# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2020

Lyle W. Cayce
Clerk

No. 20-50122
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HERMAN OSTOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-479-2

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Herman Ostos was convicted of one count of conspiracy to transport illegal aliens and two counts of transportation of illegal aliens. The district court sentenced Ostos to concurrent terms of nine months of imprisonment, followed by concurrent three-year terms of supervised release. Ostos

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

challenges the denial of his motion to suppress, asserting that the trooper did not have reasonable suspicion to stop the truck Ostos occupied. He maintains that Texas Transportation Code § 545.051 must be read *in pari materia* with Texas Transportation Code § 545.060. According to Ostos, when § 545.051 and § 545.060 are read together, a driver may be cited for driving on the wrong half of the roadway only if the road is clearly marked; however, in his case, the road was not clearly marked.

In reviewing the denial of a motion to suppress, this court reviews the constitutionality of the traffic stop, including whether there was reasonable suspicion to initiate a stop, de novo and reviews the district court's factual findings for clear error. *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). The constitutionality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Pack*, 612 F.3d 341, 349-50 (5th Cir. 2010), *modified on other grounds on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). This appeal focuses solely on the first *Terry* prong—whether the trooper's decision to conduct a stop of the truck Ostos occupied was justified at its inception. *See id.* at 350.

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). "[R]easonable suspicion exists when the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure." *Id.*

We need not reach the question whether § 545.051 and § 545.060 must be read *in pari materia*, because even if the trooper erred in determining that he had a legal basis to stop the truck, his mistake of law can "give rise to the reasonable suspicion necessary to uphold the seizure under the Fourth

Amendment," if it was objectively reasonable. *Heien v. North Carolina*, 574 U.S. 54, 57 (2014). Here, any mistake of law in determining that the driver of the truck violated § 545.051 was objectively reasonable—the statutory provisions do not facially indicate that they should be read *in pari materia*, Texas courts have not held that the statutes should be read *in pari materia*, and the trooper's interpretation of § 545.051 was consistent with the wording of the statute. Thus, there was reasonable suspicion to justify the stop. *See id.* at 57, 66-67; *United States v. Alvarado-Zarza*, 782 F.3d 246, 249-50 (5th Cir. 2015).

The judgment of the district court is AFFIRMED.