# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2021

Lyle W. Cayce
Clerk

No. 20-40181
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Sergio Perez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-352-2

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Sergio Perez pleaded guilty, under a conditional plea agreement, to making a false statement during the purchase of a firearm. The district court sentenced Perez to 18 months of imprisonment followed by three years of supervised release. Perez argues that the district court erred in denying his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40181

motion to suppress the evidence from the traffic stop that led to his arrest. Specifically, he contends that the police officers did not have sufficient collective knowledge to continue his detention after the initial traffic stop ended, that his detention after the traffic stop was unnecessarily prolonged, and that the prolonged detention unconstitutionally tainted his consent to the search of his vehicle.

On appeal from a district court's ruling on a motion to suppress, we review factual findings for clear error and the legality of police conduct de novo, viewing the evidence in the light most favorable to the prevailing party. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010), *modified on other grounds on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). "Factual findings are clearly erroneous only if a review of the record leaves [us] with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks and citation omitted). Whether the record demonstrates reasonable suspicion is a question of law we review de novo. *United States v. Jaquez*, 421 F.3d 338, 341 (5th Cir. 2005).

First, we need not address the collective-knowledge doctrine. The police officer who initiated the traffic stop developed reasonable suspicion of a straw purchase through his own questioning and discovery of the firearm in Perez's trunk after Perez lied about having a firearm. *See United States v. Andres*, 703 F.3d 828, 834 (5th Cir. 2013).

Similarly, because the police officer developed an independent reasonable suspicion of a straw purchase, the officer was entitled to continue the detention for a reasonable period of time. *See Pack*, 612 F.3d at 350–51; *United States v. Smith*, 952 F.3d 642, 650–51 (5th Cir. 2020); *United States v. Sharpe*, 470 U.S. 675, 686 (1985).

Finally, "[a]bsent a Fourth Amendment violation, [Perez's] consent to search the vehicle was not unconstitutionally tainted." *United States v. Brigham*, 382 F.3d 500, 512 (5th Cir. 2004) (en banc); *see also United States v. Chavez-Villarreal*, 3 F.3d 124, 128 (5th Cir. 1993).

AFFIRMED.