# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2021

Lyle W. Cayce
Clerk

No. 20-30621
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Nacorvrick Green,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-183-1

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Nacorvrick Green conditionally pleaded guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition after felony conviction and was sentenced to 180 months of imprisonment. He argues

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30621

that the district court erred in denying his motion to suppress evidence obtained during the traffic stop that led to his arrest.

On appeal from a district court's ruling on a motion to suppress, we review factual findings for clear error and the legality of police conduct de novo, viewing the evidence in the light most favorable to the prevailing party. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified on other grounds on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010).  "Factual findings are clearly erroneous only if a review of the record leaves [us] with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks and citation omitted). Whether the record demonstrates reasonable suspicion is a question of law that we review de novo.  *United States v. Jaquez*, 421 F.3d 338, 341 (5th Cir. 2005).  Credibility determinations are findings of fact reviewed for clear error.  *United States v. Alvarado-Zarza*, 782 F.3d 246, 249 (5th Cir. 2015).

Contrary to Green's argument, the district court did not clearly err in crediting the detaining officer's testimony that he smelled marijuana while in the process of completing the mission of the initial stop.  In light of this and the other bases for reasonable suspicion relied upon by the district court, Green fails to demonstrate that the officer unduly prolonged his traffic stop. *See Pack*, 612 F.3d at 350-51.

AFFIRMED.