# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2021

Lyle W. Cayce
Clerk

No. 20-11094
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANDREW CEDILLO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-3-1

_____

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Andrew Cedillo entered a conditional guilty plea to possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), reserving the right to appeal the district court's denial of his motion to suppress the evidence. He was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11094

sentenced to 160 months of imprisonment, to be followed by five years of supervised release. On appeal, he argues that the traffic stop was not supported by reasonable suspicion and that the good-faith exception may not be used to justify a pretextual traffic stop conducted without probable cause or reasonable suspicion.

We decline to decide whether Cedillo preserved his arguments by sufficiently raising a challenge in the district court to the good-faith exception when based on an error in the law and involving a pretextual stop, *see United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010), because his arguments lack merit under any standard of review, *see United States v. Fernandez*, 559 F.3d 303, 330 (5th Cir. 2009).

The constitutionality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Pack*, 612 F.3d 341, 349–50 (5th Cir. 2010), *modified on other grounds on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). First, we determine whether the stop was justified at its inception. *Pack*, 612 F.3d at 350. "For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Reasonable suspicion can rest on a mistaken understanding of the law if the mistake is objectively reasonable. *Heien v. North Carolina*, 574 U.S. 54, 60, 66 (2014).

The officer who stopped Cedillo testified that he observed Cedillo's vehicle fail to maintain a single lane of travel multiple times, in violation of Texas Transportation Code § 545.060(a). We view this evidence in the light most favorable to the Government and conclude that the officer's action in stopping Cedillo was justified at its inception because he had reasonable suspicion that Cedillo violated § 545.060(a), and, even if he erred in

determining that he had a legal basis to stop Cedillo's vehicle, his mistake of law was objectively reasonable.  *See Heien*, 574 U.S. at 68; *Pack*, 612 F.3d at 347; *see also Leming v. State*, 493 S.W.3d 552, 556–61 (Tex. Crim. App. 2016) (plurality op.).  Despite Cedillo's arguments to the contrary, it is well-settled that a traffic stop, even if pretextual, does not violate the Fourth Amendment if the officer making the stop has probable cause or reasonable suspicion to believe that a traffic violation has occurred.  *Whren v. United States*, 517 U.S. 806, 810–12 (1996).

Accordingly, the district court's judgment is AFFIRMED.