# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2021

Lyle W. Cayce
Clerk

No. 21-30040
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Hugo Gomez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-38-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Hugo Gomez pleaded guilty to drug and firearms offenses. The prosecution arose from a traffic stop. After a canine alerted to the presence of narcotics in the rental car Gomez was driving, officers conducted a search and discovered the methamphetamine and gun. Gomez argues that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30040

police officer did not have reasonable suspicion to prolong the traffic stop to the point at which the canine alerted. The district court disagreed with that claim, as do we.

In considering a district court's decision on a motion to suppress, we review findings of fact for clear error and conclusions of law de novo. *United States v. Rounds*, 749 F.3d 326, 337 (5th Cir. 2014). Whether there is sufficient evidence to support reasonable suspicion is a question of law subject to de novo review. *United States v. Nelson*, 990 F.3d 947, 952 (5th Cir. 2021).

A traffic stop "may last no longer than necessary to address the traffic violation, and constitutional authority for the seizure 'ends when tasks tied to the traffic infraction are—or reasonably should have been—completed.'" *United States v. Reyes*, 963 F.3d 482, 487 (5th Cir.) (quoting *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)), *cert. denied*, 141 S. Ct. 861 (2020). However, "[i]f the officer develops reasonable suspicion of [additional criminal] activity in the course of the stop and before the initial purpose of the stop has been fulfilled, then the detention may continue until the new reasonable suspicion has been dispelled or confirmed." *Reyes*, 963 F.3d at 487-88. We look at the totality of the circumstances in determining whether an officer had reasonable suspicion. *Id.* at 488. Facts that appear innocent when viewed in isolation can contribute to reasonable suspicion when viewed collectively. *United States v. Arvizu*, 534 U.S. 266, 277 (2002).

At the suppression hearing, the arresting officer testified about "specific and articulable facts" which created reasonable suspicion that criminal activity was afoot. *See Reyes*, 963 F.3d at 487. As a preliminary matter, Gomez and his passenger were traveling in a rental car on I-10, a major drug-trafficking route, from Laredo, Texas, to Destin, Florida. In response to the officer's questioning, Gomez and his passenger gave

2

inconsistent and evasive answers about their travel plans, and Gomez offered contradictory reasons for why he had rented a car instead of using the vehicle he owned. The arresting officer also testified that Gomez appeared nervous throughout the encounter and that a computer check revealed criminal history that included drug charges. Additionally, several facts of Gomez's supposed travel plans—which combined a relatively long drive for a stay of one to three days—were implausible. While it may be that some of the officer's observations, taken alone, are "readily susceptible to an innocent explanation," we are to train our review of reasonable suspicion on the totality of the circumstances. *Arvizu*, 534 U.S. at 274.

In sum, viewing the evidence in the light most favorable to the Government, the arresting officer had reasonable suspicion to prolong the stop. *See United States v. Pack*, 612 F.3d 341, 347, 361 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010).

AFFIRMED.