# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2022

Lyle W. Cayce
Clerk

No. 21-10959
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

QUARRENTIN JAWHITNEY LYNN HOLMES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:20-CR-107-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Quarrentin Jawhitney Lynn Holmes entered a conditional guilty plea to count 2 of an indictment charging him with possession with intent to distribute methamphetamine. In this appeal, he challenges the district court's order denying his motion to suppress evidence seized during a traffic

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

stop. He contends that questions posed to him by a state trooper during and after the traffic stop were improper ab initio under the totality of the circumstances because they did not actually relate to a reasonable suspicion and because they unconstitutionally prolonged the stop.

"On appeal of the denial of a motion to suppress, [we review] the district court's fact findings for clear error and its legal conclusions de novo." *United States v. Rounds*, 749 F.3d 326, 337 (5th Cir. 2014). Whether there is sufficient evidence to support reasonable suspicion is a question of law subject to de novo review. *United States v. Nelson*, 990 F.3d 947, 952 (5th Cir.), *cert. denied*, 142 S. Ct. 490 (2021). Evidence is viewed in the light most favorable to the prevailing party, here, the Government, and a "ruling to deny a suppression motion should be upheld if there is any reasonable view of the evidence to support it." *Id.* (internal quotation marks and citation omitted).

The protection of the Fourth Amendment "extends to vehicle stops and temporary detainment of a vehicle's occupants." *United States v. Andres*, 703 F.3d 828, 832 (5th Cir. 2013). Holmes had a reasonable expectation of privacy in the rental car he was driving. *See Byrd v. United States*, 138 S. Ct. 1518, 1524 (2018).

A traffic stop is more analogous to a *Terry* stop than to a formal arrest. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *see also Terry v. Ohio*, 392 U.S. 1 (1968). As with *Terry* stops, "the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez*, 575 U.S. at 354 (internal citations omitted). A traffic stop "may last no longer than necessary to address the traffic violation, and constitutional authority for the seizure 'ends when tasks tied to the traffic infraction are—or reasonably should have been—completed.'" *United*

*States v. Reyes*, 963 F.3d 482, 487 (5th Cir. 2020) (quoting *Rodriguez*, 575 U.S. at 354).

"[T]he Fourth Amendment tolerat[es] certain unrelated investigations that [do] not lengthen the roadside detention." *Rodriguez*, 575 U.S. at 354; *see also Arizona v. Johnson*, 555 U.S. 323, 333 (2009). Crucially, "[i]f the officer develops reasonable suspicion of [additional criminal] activity in the course of the stop and before the initial purpose of the stop has been fulfilled, then the detention may continue until the new reasonable suspicion has been dispelled or confirmed." *Reyes*, 963 F.3d at 487-88 (internal quotation marks and citation omitted).

Holmes asserts that the district court should not have considered: (1) the trooper's training and experience; (2) his travels to a drug-trafficking hub (Phoenix) and along a known drug-trafficking corridor (Interstate 40); (3) his nervousness; (4) his use of a rental car rented by a third party; (5) inconsistencies with respect to his travel plans; and (6) his failure to mention a recent drug-trafficking arrest. He asserts that the traffic stop should not have been prolonged while the rental agreement was obtained. These contentions are without merit.

Courts examine the totality of the circumstances in determining if an officer had reasonable suspicion. *Reyes*, 963 F.3d at 488. Facts that appear innocent when viewed in isolation can contribute to reasonable suspicion when viewed collectively. *United States v. Arvizu*, 534 U.S. 266, 277 (2002). Officers are permitted "to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *Id.* at 273 (internal quotation marks and citation omitted); *see also Kansas v. Glover*, 140 S. Ct. 1183, 1190 (2020) (recognizing that the specialized training

and experience of law enforcement officers plays a significant role in criminal investigations); *Reyes*, 963 F.3d at 489 & n.7.

Pertinent to this case, we have stated that "travel along known drug corridors [is] a relevant—even if not dispositive—piece of the reasonable suspicion puzzle." *United States v. Smith*, 952 F.3d 642, 649 (5th Cir. 2020). During a traffic stop, officers may also ask for rental documents, run computer checks, and "ask about the purpose and itinerary of a driver's trip." *United States v. Brigham*, 382 F.3d 500, 508 (5th Cir. 2004) (en banc). A defendant's use of a rental car, among other facts, is supportive of an officer's reasonable suspicion for extending a traffic stop. *See United States v. Glenn*, 931 F.3d 424, 429 (5th Cir. 2019). "Nervous behavior is . . . supportive of a reasonable suspicion." *United States v. McKinney*, 980 F.3d 485, 495 (5th Cir. 2020). Inconsistent stories, especially when combined with other factors, can give rise to reasonable suspicion. *United States v. Pack*, 612 F.3d 341, 358 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010); *see also United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003) (listing prior arrest for drug trafficking as a factor supporting reasonable suspicion).

We have carefully reviewed the record and the arguments of the parties and have no difficulty in holding that that the district court did not err in determining that, under the totality of the circumstances, the facts articulated by the trooper justified Holmes's continued detention. *See Reyes*, 963 F.3d at 487-88. The district court's judgment is AFFIRMED.