# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-40029
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ilse Ivon Solis,

*Defendant—Appellant*,

### consolidated with

---

No. 22-40088
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Mercedes Galvan,

*Defendant—Appellant*.

No. 22-40029
c/w No. 22-40088

_____

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 6:19-CR-30-2, 6:19-CR-30-1

_____

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Following their conditional guilty pleas to conspiracy to possess with the intent to distribute methamphetamine and individual sentencings, Ilse Ivon Solis and Mercedes Galvan appeal the district court's denials of their motions to suppress. On appeal from the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and the ultimate constitutionality of the actions by law enforcement de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). The evidence is viewed in the light most favorable to the prevailing party, here the Government, *Pack*, 612 F.3d at 347, and the district court's ruling will be upheld "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted).

The appellants do not challenge the validity of the initial traffic stop but argue that the arresting officer, Sgt. Randy Thumann, did not develop further reasonable suspicion to prolong their detention beyond the initial purposes of the stop and that their subsequent consent to search given during their illegally prolonged detention was invalid. The appellants urge that Sgt. Thumann's actions were based on little more than the recent registration of an older vehicle and purportedly vague travel plans, noting that, when the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40029
c/w No. 22-40088

records check came back clear, Sgt. Thumann knew only that the defendants were residents of Laredo who were traveling with unsecured children on I-10 in an older model car that was newly registered en route to Houston, which facts they contend were not sufficiently suspicious, especially as they exhibited no nervousness and provided consistent statements to Sgt. Thumann. The appellants acknowledge that Sgt. Thumann also knew that the car's license plate had traveled across the border from Mexico earlier that morning but assert that there was no evidence proving at that time that the car itself or the women in it had done so and thus that any suspicion on Sgt. Thumann's part was merely a hunch which did not justify additional investigation.

Viewing the evidence in the aggregate and in the light most favorable to the Government, the district court did not err in determining that Sgt. Thumann had developed reasonable suspicion of additional criminal activity while investigating the original stop based on the appellants' traveling along the drug corridor of I-10 in a newly registered older model vehicle that he knew had crossed the border from Mexico only hours earlier and where he believed that the defendants had lied about having come from or traveled to Mexico. *See Pack,* 612 F.3d at 347, 360; *see also United States v. Andres*, 703 F.3d 828, 834 (5th Cir. 2013); *United States v. Lopez-Moreno*, 420 F.3d 420, 431 (5th Cir. 2005); *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999). Sgt. Thumann's suspicion was not a mere hunch but was reasonably based on his knowledge of the license plate check and the proximity in time from the border crossing to the stop; contrary to the appellants' suggestion, he did not need additional proof that the car itself or the women in it actually drove across the border. *See United States v. Estrada*, 459 F.3d 627, 631 (5th Cir. 2006); *Ibarra-Sanchez*, 199 F.3d at 759; *see also United States v. Arvizu*, 534 U.S. 266, 274, 277 (2002).

No. 22-40029
c/w No. 22-40088

In sum, Sgt. Thumann had reasonable suspicion of criminal activity apart from the initial traffic violation to continue the stop for the relatively short additional three-minute period during which he obtained consent to search from the appellants. *See United States v. Place*, 462 U.S. 696, 709 (1983); *see also Pack*, 612 F.3d at 362. The district court therefore properly denied the defendants' motions to suppress. *See Michelletti*, 13 F.3d at 841.

Solis's appointed counsel on appeal, David Klein, has moved for leave to withdraw and for the appointment of substitute counsel. The motion to withdraw and for appointment of new counsel is GRANTED. The Clerk shall appoint new counsel to advise Solis of her right to file a petition for certiorari.

The judgments of the district court are AFFIRMED.