# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10856
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roberto Chairez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-495-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Roberto Chairez was convicted, at a jury trial, of attempted possession with intent to distribute 500 grams or more of cocaine and possession of a firearm in furtherance of a drug trafficking offense. He argues that the district court erred in denying his motion to suppress evidence obtained during the traffic stop that led to his arrest because the officer's questioning,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10856

request for consent to search his car, and prolonged detention tainted his consent.

On appeal from a district court's ruling on a motion to suppress, we review factual findings for clear error and the legality of police conduct de novo, viewing the evidence in the light most favorable to the prevailing party, here, the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010), *modified on other grounds on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). "Factual findings are clearly erroneous only if a review of the record leaves [us] with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks and citation omitted). Whether the record demonstrates reasonable suspicion is a question of law that we review de novo. *See United States v. Jaquez*, 421 F.3d 338, 341 (5th Cir. 2005).

The record shows that, after communicating with the Drug Enforcement Administration, the police officer had reasonable suspicion to suspect Chairez was part of a drug trafficking scheme. In light of the officer's reasonable suspicion that Chairez was involved in criminal activity, he fails to demonstrate that the officer unduly prolonged his traffic stop. *See Rodriguez v. United States*, 575 U.S. 348, 355 (2015); *United States v. Reyes*, 963 F.3d 482, 487 (5th Cir. 2020); *Pack*, 612 F.3d at 350-51; *United States v. Brigham*, 382 F.3d 500, 507-08 (5th Cir. 2004) (en banc). Likewise, the officer's request for consent was reasonably related to dispelling reasonable suspicion developed before or during the stop, and there was no Fourth Amendment violation that tainted the consent to search the vehicle. *See Brigham*, 382 F.3d at 508-09; *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993)

AFFIRMED.