# United States Court of Appeals for the Fifth Circuit

---

No. 22-10923
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Drayon Conley,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-347-1

---

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Drayon Conley entered a conditional-guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), reserving his right to contest the denial of his motion to suppress evidence. Conley was sentenced to 105-months' imprisonment.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10923

He contends the court erred by denying his motion to suppress evidence seized in connection with an admittedly proper traffic stop. He subsequently consented to have his vehicle searched. He maintains the scope of the stop was expanded without reasonable suspicion of additional criminal conduct.

For the contested denial of a suppression motion, our court reviews "the factual determinations for clear error and the legal conclusions de novo". *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013) (citation omitted). The evidence is viewed in the light most favorable to the party who prevailed in the district court—here, the Government. *Id.*

Whether the record demonstrates reasonable suspicion is a question of law reviewed *de novo*. *E.g.*, *United States v. McKinney*, 980 F.3d 485, 491 (5th Cir. 2020). The denial of a motion to suppress "should be upheld if there is any reasonable view of the evidence to support it". *United States v. Nelson*, 990 F.3d 947, 953 (5th Cir. 2021) (citation omitted). Moreover, our court "may affirm the district court on any basis supported by the record". *United States v. Taylor*, 482 F.3d 315, 318 (5th Cir. 2007).

Conley concedes the initial stop was justified based on his traffic violation. Accordingly, our court reviews whether the Officer's actions, after the legitimate stop, "were reasonably related to the circumstances that justified the stop, or to dispelling his reasonable suspicion developed during the stop". *United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004) (en banc). The district court, without holding a hearing, concluded the Officer's actions were permissible because Conley was: driving a vehicle registered to someone else; serving a term of supervised release; and present in the parking lot of a motel known for drug trafficking and prostitution. The court, therefore, concluded the Officer "was justified in asking Conley to exit his

2

vehicle for further questioning", and "the stop was not prolonged beyond the point necessary for [the Officer] to satisfy his reasonable suspicion".

First, driving a vehicle registered to someone else can, in combination with other factors, support reasonable suspicion. *See United States v. Reyes*, 963 F.3d 482, 488–89 (5th Cir. 2020) (including vehicle registration in list of "specific and articulable" facts supporting reasonable suspicion). Second, Conley confirmed he was on supervised release and told the Officer he was: previously found with drugs and a firearm; convicted of being a felon in possession of a firearm; and recently released from prison. His criminal history, in combination with other factors, can contribute to reasonable suspicion. *See id.* at 489; *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003) (discussing reasonable suspicion to extend stop). Finally, Conley's presence in the parking lot of a motel known for drug trafficking and prostitution "can contribute to a finding of reasonable suspicion", even though his "presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime". *United States v. Roper*, 63 F.4th 473, 478 (5th Cir. 2023) (emphasis and citation omitted).

The Officer's reasonable suspicion further coalesced when he observed tattoos on Conley emblematic of gang membership. He admitted to the Officer he belonged to a gang, and had been a member since 1997. (But, Conley stated: "I don't be out there gangbanging. I don't gangbang". And he later stated: "I don't do that gang [stuff] anymore".) An officer's knowledge that a person is a member of a gang supports the officer's reasonable suspicion of additional criminal activity. *See McKinney*, 980 F.3d at 493.

Conley also failed to present the Officer with a valid driver's license, even though Conley had been driving the vehicle, and the records check

revealed no active driver's license in Conley's name.  The absence of a valid driver's license can also contribute to reasonable suspicion.  *See United States v. Pack*, 612 F.3d 341, 361 (5th Cir.), *modified on other grounds*, 622 F.3d 383 (5th Cir. 2010) (discussing reasonable suspicion when license suspended).

Viewing the totality of the circumstances in the requisite light most favorable to the Government, the court did not err in concluding the Officer developed reasonable suspicion of criminal activity apart from Conley's traffic violation.  *See Reyes*, 963 F.3d at 487, 489.  Certainly, "[t]he police must diligently pursue a means of investigation that is likely to confirm or dispel their suspicions quickly".  *Pack*, 612 F.3d at 361.  But, the Officer met that requirement because less than five minutes passed between when he informed Conley of the reason he was stopped and Conley's consent to search the vehicle.  *E.g.*, *id.* at 361–62 (holding "a delay of only eight minutes" was reasonable in the light "of suspicious facts").

AFFIRMED.