# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-30614
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gerard Lathon Smith,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CR-246-1

———————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Gerard Lathon Smith pleaded guilty to possession with the intent to distribute cocaine, but he reserved his right to appeal the district court's denial of his motion to suppress evidence obtained in a search of his vehicle during a traffic stop. He now appeals, arguing that the police officer did not have reasonable suspicion to extend the stop in order to allow for a K-9 sniff.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

"When reviewing a denial of a motion to suppress evidence, we review factual findings for clear error and the ultimate constitutionality of law enforcement action *de novo*." *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010). We defer to the district court's factual findings unless there is "a definite and firm conviction that a mistake has been committed." *Id.* Where, as here, the district court's ruling was based on live oral testimony, our "review is particularly deferential." *United States v. Lim*, 897 F.3d 673, 685 (5th Cir. 2018) (internal quotation marks and citation omitted).

The legality of a traffic stop is analyzed under the standard set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). *See United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). The court first considers whether the stop was justified at its inception. *Id.* If the stop was warranted, the court reviews whether later actions were reasonably related in scope to the circumstances that merited the stop or to dispelling the reasonable suspicion developed during the stop. *United States v. Pack*, 612 F.3d 341, 350 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). The reasonable suspicion inquiry views "the totality of the circumstances and the collective knowledge and experience of the officer." *United States v. Estrada*, 459 F.3d 627, 631-32 (5th Cir. 2006).

Here, Smith does not argue that the officer lacked reasonable suspicion to initiate the traffic stop, but he contends that the district court committed factual and legal error in concluding that the officer had reasonable suspicion to prolong the stop.

Based on the police officer's testimony and bodycam footage, we are not left with "a definite and firm conviction" that the district court was mistaken in finding that Smith was nervous and lied about where he was traveling from and how long he had been in possession of the rental car he was driving. *Scroggins*, 599 F.3d at 440; *see also Lim*, 897 F.3d at 685. We

No. 23-30614

also disagree with Smith's argument that the officer had not developed reasonable suspicion of criminal activity after he completed his computer checks, about 10 minutes into the stop. By that point, the officer knew that Smith was traveling to and from a narcotics source city in one day, had a history of drug trafficking convictions, and was on probation for possession with the intent to distribute cocaine. Based on these facts, combined with Smith's nervousness and dishonesty, we conclude there was reasonable suspicion to extend the stop. *See, e.g.*, *United States v. Smith*, 952 F.3d 642, 649-50 (5th Cir. 2020); *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003).

    AFFIRMED.