# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-40289
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeremiah Daniel Lindsey,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CR-149-1

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jeremiah Daniel Lindsey was convicted of possession of methamphetamine with intent to distribute. On appeal, Lindsey challenges the denial of his motion to suppress evidence obtained following the traffic stop of a vehicle in which he was a passenger. He argues that law enforcement officers lacked reasonable suspicion to prolong the stop.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40289

The parties dispute the applicable standard of review. However, we need not decide whether plain error review applies because Lindsey's arguments fail even under the more lenient standard for reviewing preserved errors. *See United States v. Macias*, 658 F.3d 509, 517 (5th Cir. 2011); *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001).

When we view the evidence in the light most favorable to the Government and under the totality of the circumstances, the district court did not err in concluding that the law enforcement officers had reasonable suspicion to prolong the traffic stop. *See United States v. Smith*, 952 F.3d 642, 646-48 (5th Cir. 2020); *United States v. Pack*, 612 F.3d 341, 358-60 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). Lindsey's contention that there was no evidence showing that the officers attempted to issue a warning or citation is belied by the record. As for Lindsey's argument that the facts showed merely ordinary, lawful conduct, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." *United States v. Arvizu*, 534 U.S. 266, 277 (2002).

AFFIRMED.

2