# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 13, 2022

Lyle W. Cayce
Clerk

No. 21-30432
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRENTON J. MILLER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-76-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Trenton J. Miller pleaded guilty, pursuant to a conditional plea agreement, to one count of possession with intent to distribute cocaine. He was sentenced to 115 months of imprisonment followed by five years of supervised release. He argues on appeal that the district court erred in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denying his motion to suppress evidence from the traffic stop, dog sniff, and subsequent vehicle search that led to his arrest. Specifically, he contends that the state trooper (1) unconstitutionally extended his detention because he lacked reasonable suspicion and failed to ask certain questions to dispel any suspicion, and (2) lacked probable cause to search the vehicle because narcotics dog's alert was ambiguous. He also challenges his sentence.

On appeal from a district court's ruling on a motion to suppress, we review factual findings for clear error and legal conclusions de novo, viewing the evidence in the light most favorable to the prevailing party. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified on other grounds on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). Given the totality of the circumstances, the district court did not err in concluding that the trooper developed reasonable suspicion during the traffic stop that Miller was involved in criminal activity. *See United States v. Arvizu*, 534 U.S. 266, 273-74 (2002); *United States v. Brigham*, 382 F.3d 500, 507-08 (5th Cir. 2004) (en banc). The district court also did not err in concluding that the extension of the detention for the arrival of the narcotics dog to confirm or dispel the trooper's suspicion was reasonable. *See Pack*, 612 F.3d at 361-62; *see also United States v. Smith*, 952 F.3d 642, 650-51 (5th Cir. 2020). Finally, the district court did not err in finding that the dog's alert provided probable cause to search the trunk of Miller's vehicle. *See Florida v. Harris*, 568 U.S. 237, 248 (2013); *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

Lastly, Miller contends that his above-guidelines sentence is procedurally and substantively unreasonable. Because the district court imposed an upward variance, Miller's argument that the district court procedurally erred under U.S.S.G. § 4A1.3 is unavailing. *See United States v. Gutierrez*, 635 F.3d 148, 151-53 (5th Cir. 2011). We review his preserved challenge to the substantive reasonableness of his sentence for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67

No. 21-30432

(2020); *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). In light of the deferential standard of review, Miller fails to show that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or clearly erred in balancing the sentencing factors. *See United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

AFFIRMED.