# United States Court of Appeals for the Fifth Circuit

---

No. 22-20173
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jonas Terry,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-790-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jonas Terry was found guilty after a bench trial of possession of a firearm by a convicted felon and possession of a machinegun, in violation of 18 U.S.C. §§ 922(g)(1), (o)(1), and 924(a)(2). The district court sentenced Terry within the guidelines range to concurrent terms of 115 months of imprisonment and three years of supervised release.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20173

Terry appeals the denial of his motion to suppress the evidence found in his vehicle following a traffic stop. We review the district court's factual findings with respect to a motion to suppress evidence for clear error and the legality of police conduct de novo, viewing the evidence in the light most favorable to the prevailing party. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010).

Testimony established that prior to the stop, officers had information that Terry was involved in narcotics transaction and had just engaged in what appeared to be drug related activities. Upon being stopped for the traffic violation, Terry immediately exited his vehicle, locked it, and walked away from the vehicle, contradicting the officers' commands to get back in the car. Terry possessed large amounts of cash in small denominations consistent with drug dealing, carried a small pocketknife with what appeared to be narcotics residue, and several rocks of what appeared to be crack cocaine were on the ground near the driver's side door. Based on the officers' experience, inferences, and deductions about this cumulative evidence, probable cause existed that Terry's vehicle contained drugs. *See United States v. Henry*, 37 F.4th 173, 176-77 (5th Cir. 2022); *United States v. McSween*, 53 F.3d 684, 6876 (5th Cir. 1995). Thus, the warrantless search of his vehicle was permissible under the automobile exception to the Fourth Amendment's warrant requirement. *See United States v. Beene*, 818 F.3d 157, 164 (5th Cir. 2016); *United States v. Guzman*, 739 F.3d 241, 245-46 (5th Cir. 2014). There is "no separate exigency requirement." *Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999).

Terry also appeals his sentence, arguing that the district court erred when it enhanced his offense level by four levels under U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense. We review the district court's interpretation and application of the Guidelines de novo and its fact findings for clear error. *United States*

*v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (internal quotation marks and citation omitted).

Evidence that officers found a digital scale with cocaine residue on it in the door pocket of the driver's door and an automatic firearm underneath the driver's seat, together with the evidence detailed above that supplied probable cause to search the car, supports the district court's application of § 2K2.1(b)(6)(B). In light of the unrebutted evidence, the district court's finding that Terry was involved in drug trafficking offenses was plausible in light of the record as a whole. *See Alcantar*, 733 F.3d at 146-48; *Trujillo,* 502 F.3d at 357; § 2K2.1, comment. (n.14(B)(ii)). Terry's unsupported assertion that the cocaine he possessed was a user quantity only does not demonstrate clear error in the district court's plausible contrary inference. *See United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010). Thus, the district court's application of § 2K2.1(b)(6)(B) was not clearly erroneous. *See Alcantar*, 733 F.3d at 146.

The judgment of the district court is AFFIRMED.